# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Amy Simpson,**<br>*Plaintiff* | § § § § | |
| **v.** | § § | **Case No. 1:25-cv-01638-ADA-SH** |
| **Frank Bisignano,** *Commissioner of the Social Security Administration,*<br>*Defendant* | § § § § | |

## ORDER

Before the Court are Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 1) and Complaint (Dkt. 1-1), both filed October 10, 2025.[1]

### I. Motion to Proceed *In Forma Pauperis*

Under § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that he cannot pay such fees or security. Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay . . . statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In making an *in forma pauperis* determination, a court should consider whether an applicant may pay the filing fee without suffering undue financial hardship. *Id.*

After reviewing Simpson's Application to Proceed *In Forma Pauperis*, the Court finds that she cannot pay the filing fee without experiencing undue financial hardship. Accordingly, the Court **GRANTS** her *in forma pauperis* status and **ORDERS** her Complaint to be filed without pre-payment of fees or costs or giving security therefore pursuant to 28 U.S.C. § 1915(a)(1). This *in*

---

[1] The District Court referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 3.

*forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found to be frivolous or malicious under § 1915(e)(2). The Court also may impose costs of court against Plaintiff at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II. Frivolousness Review Under Section 1915(e)(2)

Because Simpson has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983).

Simpson applied for disability insurance benefits under Title II of the Social Security Act and the Administrative Law Judge denied her application. Dkt. 1-1 at 2. Simpson alleges that the denial is not supported by substantial evidence and that the Commissioner did not follow the procedures and standards required by law. *Id.* She alleges that she exhausted her administrative remedies and seeks judicial review pursuant to 42 U.S.C. § 405(g). *Id.*

The Court finds that Simpson's allegations are sufficient at this stage of the case to avoid dismissal for frivolousness under 28 U.S.C. § 1915(e)(2)(B). Accordingly, the Court does not recommend that the District Court dismiss this case under Section 1915(e)(2)(B).

### III.   Conclusion

The Court **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 1) and **ORDERS** the Complaint (Dkt. 1-1) to be filed without prepayment of fees or costs or giving security therefore, pursuant to 28 U.S.C. § 1915(a)(1).

The Court **ORDERS** that the Clerk issue summons and **ORDERS** the United States Marshals Service to attempt service in this case without pre-payment of a service fee.

The Court **FURTHER ORDERS** that the Clerk notify the Commissioner of this action by transmitting a Notice of Electronic Filing to the Social Security Administration's Office of General Counsel and to the United States Attorney for the Western District of Texas pursuant to Rule 3 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g).

**SIGNED** on November 7, 2025.

SUSAN HIGHTOWER  
UNITED STATES MAGISTRATE JUDGE